## Owen Murphy, Plaintiff in Error, v. Gunning System, Defendant in Error.

### Gen. No. 18,320.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed December 31, 1913.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

## Statement of the Case.

Action by Owen Murphy against Gunning System to recover for personal injuries sustained by plaintiff by falling from the top of the framework of one of defendant's signboards while employed by defendant in removing panels therefrom. From a judgment in favor of defendant on a directed verdict, plaintiff brings error.

GEORGE E. GORMAN, for plaintiff in error; WILLIAM H. HOLLY, of counsel.

HENRY W. WOLSELEY, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1.  MASTER AND SERVANT, § 770*—*when direction of verdict in action by employe for injury while repairing signboard error.* In an action by an employe against a signboard company to recover for injuries sustained by falling from the top of the framework of a certain signboard, the declaration alleging that the company was negligent in constructing and maintaining the framework in safe condition for plaintiff to work thereon, and the evidence showing that plaintiff was precipitated to the ground by reason of a timber, upon which he was obliged to stand, giving way so that he fell forward on another cross-timber at the top of the framework which broke by reason of a concealed knot therein, *held* that the evidence required the court to submit the case to the jury and that the court erred in directing a verdict for defendant.

2.  MASTER AND SERVANT, § 368*—*when employe may recover for injuries resulting from defective construction of signboard on which he was required to work.* Where a person employed to repair signboards is charged with the duty to inspect the framework, to detect any dangers from decay, and to repair and report such defects, and is injured while removing panels from the signboard by reason of a defect in a timber nailed to the post of the framework as a footboard, he cannot recover if the footboard was defective on account of decay and such defect was the sole proximate cause of the injury, but where the injury was also caused by a defect in a timber

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

at the top of the signboard, which was a concealed knot and a fault in the original construction, the plaintiff may recover where both defective timbers are the proximate cause of the injury and there is no other intervening cause.

3. MASTER AND SERVANT, § 137*—*when master not liable for dangers of place to work or appliances.* Master may employ a competent servant to demolish or to make a well known dangerous place or appliance safe without being liable because such place or appliance is dangerous to the employe.

4. MASTER AND SERVANT, § 681*—*when evidence of employer's ownership or construction of signboard sufficient to go to the jury.* In an action by an employe to recover for injuries sustained while employed in repairing signboards for defendant, alleging that the injury was sustained by reason of defective construction of the framework, evidence that defendant directed plaintiff to repair the signboard and that plaintiff's boss was the man who had the work before, *held* sufficient evidence to go to the jury on the question of whether the framework belonged to or was constructed by defendant.